## Matilda Nelson v. Charles Knetzger.

1. INSTRUCTIONS—*Assuming a Certain Line of Conduct to be Necessary in the Exercise of Ordinary Care.*—An instruction which assumes that the plaintiff in the exercise of ordinary care should act in a certain manner, is erroneous. It is for the jury to say whether, under all the circumstances, the party was in the exercise of ordinary care.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed June 8, 1903.

APPELL & ROUSSEAU, attorneys for appellant.

QUINN & QUINN, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

A team and wagon owned by Charles Knetzger, and driven by his servant, William Call, and a horse and buggy driven by Oscar Nelson, came into collision; the buggy was overturned and broken, and Oscar's mother, Mrs. Matilda Nelson, who was riding in the buggy, was injured. This was a suit brought by Mrs. Nelson against Knetzger to recover damages for such injuries, which she alleged were caused by the negligence of Knetzger's servant. Defendant had a verdict and a judgment and plaintiff appeals.

Oscar was driving on the right hand and down hill side of a public street in Peoria. Call was approaching on the opposite side, so that in the direction he was going, he also was traveling on the right hand side of the street. When .

Nelson v. Knetzger.

the vehicles were nearly opposite each other, Call turned the team and wagon across the street to his left, toward a driveway on that side leading to defendant's premises, and the collision then occurred. There was evidence tending to show Call was not looking in the direction he was driving as he turned to the left across the street, and was not exercising due care. There was other evidence that Call was a competent driver, had a gentle team and used due care. There was evidence that plaintiff and her son were keeping a lookout on the street and were exercising due care, and other evidence that they were going to meet plaintiff's husband and were late, and were driving rapidly, and were watching the sidewalk on their right hand so as not to miss Mr. Nelson if he had started to walk, and that they did not keep a lookout for approaching and crossing vehicles, and that no obstructions prevented their seeing the wagon and team.

At the request of defendant the court instructed the jury that if they found from the evidence that the wagon and buggy collided, and plaintiff was injured as the result, and that defendant's driver was negligent in not keeping a lookout for approaching vehicles, " but the evidence further discloses that there was nothing to prevent the plaintiff, by the use of ordinary care and caution, from observing the negligent acts of defendant's servant, and from checking the horse attached to her buggy in time to have prevented such collision, then and in that event she would not be entitled to recover, since under the declaration she is required to prove that she was in the exercise of care and caution under the existing circumstances." This instruction did not leave it to the jury to decide whether an ordinarily prudent person, situated as plaintiff and her son were, would have observed the negligent acts of defendant's servant. It assumed it was the duty of one so situated to be watching vehicles on the opposite side of the street and turning to cross the street. All it left to the jury to decide on that subject was whether there was anything to prevent plaintiff seeing these acts of defendant's servant by the

use of ordinary care on her part. Under some circumstances it would be the duty of one driving along a street to observe all that was within the range of his vision on the entire street. Other circumstances might require his attention to be fixed straight ahead where he was about to drive, and not permit him to look to one side where he was not to drive. Still other circumstances might require him to look in some other direction. Such a person is bound to do what an ordinarily prudent person would do under the same circumstances. When he has done that he has exercised due care. This instruction was erroneous in assuming it was plaintiff's duty to see the acts of defendant's servant unless there was something which prevented her seeing them. But it is still more faulty in telling the jury that if there was nothing to prevent the plaintiff, by the use of ordinary care, from checking her horse in time to prevent the collision, she could not recover. It may be an ordinarily prudent person, situated as plaintiff and her son were when Call turned to the left, would have checked his horse. It may, however, be that such a person would have hastened the speed of his horse in an effort to avoid the collision, or would have turned to the right or to the left; or it may be that in the sudden emergency which then arose, an ordinarily prudent person would have done what plaintiff and her son did. It was for the jury to decide this from the proof, and this instruction was erroneous in assuming it was her duty to check her horse, if there was nothing to prevent her doing so. The instruction contains the words "ordinary care," but the rule laid down is not that plaintiff was bound to use ordinary care, but that if there was nothing to prevent her seeing and doing certain things by the use of ordinary care to see and do them, then if she did not see and do those things she could not recover. In other words, the instruction meant that ordinary care required she should see and do those things, if not prevented. This invaded the province of the jury.

Another instruction given at defendant's request began with the independent proposition that there could be no

recovery, no matter what defendant's negligence may have been. The proof did not warrant a peremptory instruction to find for defendant. If, as seems probable, there was some error of punctuation, and the rest of the instruction was designed to qualify the part just stated, yet we find the whole instruction was incomplete, and likely to either mislead or confuse the jury.

A new trial should have been granted. The judgment is therefore reversed and the cause remanded.